IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK MULLINS, #65817280, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-2469-K-BK |
| WARDEN RIVERS, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Patrick Mullins' pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.[1]

**I. BACKGROUND**

On November 3, 2022, Mullins, a federal prisoner at FCI Seagoville, filed a *First Emergency Petition for Writ of Habeas Corpus* complaining about the conditions of confinement in the special housing unit ("SHU"). Doc. 3 at 1. Mullins is a paraplegic and has been confined

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

to a wheelchair for 26 years.  Doc. 3 at 2.  He is serving an 18-month sentence for violating the terms of his supervision and projected to be released in about ten months.  Doc. 3 at 6; *see United States v. Mullins*, No. 7:20-CR-087-DC (W.D. Tex., Midland-Odessa Div., July 14, 2020) (judgment revoking supervised release).

Mullins asserts that on October 23, 2022, he was involved in a "Major Use of Force with [FCI Seagoville] security staff" at a DeSoto hospital.  Doc. 3 at 1-2, 3-4.  Upon his return to FCI Seagoville, he was confined in a non-handicap cell in the SHU, pending a disciplinary hearing.  Doc. 3 at 2; *see also* Doc. 3 at 6 (alleging prisoners are often confined in the SHU for four or five months awaiting a disciplinary hearing).  Mullins asserts that the SHU "is not handicapp [sic] accessible for someone permanently in a wheel chair," like him, and that the conditions place his life "in immediate danger."  Doc. 3 at 1-3.  He avers that the SHU has no handicap cells or showers and that he has to bathe while sitting on the floor.  Doc. 3 at 4-5.  Also, prison officials deprived him of the wheelchair footrests, further placing "his life in danger of death through the ongoing deterioration of [the] skin on his feet."  Doc. 3 at 3, 4.[2]

In addition, Mullins alleges that he is being denied medical treatment for an infected wound in his right leg (for which he was receiving antibiotics at the hospital) and that his right leg is now infected and swollen.  Doc. 3 at 2, 4-5.  Further, he maintains that he is deprived of access to the law library and out-cell-recreation because the wheelchair lift is broken and no one is willing to physically transport him up three flights of stairs.  Doc. 3 at 4-5.  Consequently, Mullins requests to be released from the SHU or, in the alternative, to be transferred to "Fort

---

[2] Prior to the October 23 use-of-force incident, Mullins alleges that he was housed in Unit 53 at FCI Seagoville, which has two handicap toilets and showers.  Doc. 3 at 5.

Worth Regional Hospital" or a similar place where he "will not be unlawfully restrained in his liberties because of a disability." Doc. 3 at 7.

Upon review, the Court finds that Mullins' claims are not properly brought under 28 U.S.C. § 2241 and, thus, that his habeas petition should be dismissed for want of jurisdiction.

## II. ANALYSIS

### A. No Habeas Jurisdiction

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established, however, that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil-rights actions are typically used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  *See also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

Thus, where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) (noting the proper remedy for unconstitutional conditions of confinement should be equitable—to correct the unlawful practices that make the conditions intolerable).  Thus, this Court lacks

jurisdiction over such claims brought in a habeas action. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend jurisdiction and holding that "the Great Writ does not, in [the Fifth Circuit], afford release for prisoners held in state custody due to adverse conditions of confinement.").

Here, Mullins' conditions-of-confinement claims are unrelated to the cause or duration of his federal detention. Indeed, his allegations, even if true, would not necessarily entitle him to earlier or speedier release. Thus, Mullins' claims are more appropriately addressed in a civil-rights action.[3] As such, the Court concludes that it lacks jurisdiction over Mullins' habeas petition as it challenges only the conditions of his confinement.

### III. CONCLUSION

For the foregoing reasons, Mullins' petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on November 9, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Mullins has a lengthy litigation history, and a preclusion order in the Southern District of Texas bars him from filing any new civil rights lawsuit unless he first pays the $350.00 filing fee or seeks the court's permission before filing a new case. *See Mullins v. Ritcher*, No. 4:98-CV-0626 (S.D. Tex. Apr. 15, 1998) (preclusion order); *Mullins v. Figueroa*, No. 4:99-CV-2143 (S.D. Tex. Apr. 27, 2001) (holding that the preclusion order remains in effect).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).